2 F.3d 1154
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Scott P. OLMSTEAD, Appellant,
v.
Lt. Kenney LEWIS, C/O McLaughlin, C/O Smalley, C/O Neiers,
and Warden John Thalacker, Appellees.
 No. 92-3654.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: June 18, 1993.
Filed: August 12, 1993.
 
 Before JOHN R. GIBSON, Circuit Judge, ROSS, Senior Circuit Judge, and MORRIS SHEPPARD ARNOLD, Circuit Judge.
 ARNOLD, Circuit Judge.
 
 
 1
 Scott Olmstead appeals the judgment of the trial court[1] that no excessive force was used against Mr. Olmstead in two incidents that took place at the Iowa Men's Reformatory in late 1991. We affirm.
 
 I.
 
 2
 On October, 9, 1991, Scott Olmstead was an inmate at the Iowa Men's Reformatory. On that day, he and his cellmate had an argument. As a result, several corrections officers came to the cell and separated the two men.
 
 
 3
 On November 27, 1991, Mr. Olmstead's outside exercise period was canceled when a corrections officer said that he saw Mr. Olmstead making a snowball. Mr. Olmstead and the corrections officer exchanged increasingly heated words while Mr. Olmstead was being escorted back inside the prison. A struggle ensued in which Mr. Olmstead was eventually forcibly subdued by four corrections officers.
 
 
 4
 In early 1992, Mr. Olmstead sued all of the corrections officers involved in the two incidents, plus the warden of the prison. Mr. Olmstead alleged that the corrections officers used unnecessary and excessive force against him in each incident, in violation of the eighth amendment to the Constitution. See 42 U.S.C. Sec. 1983.
 
 
 5
 A bench trial was held in late October, 1992. After hearing the evidence, the trial court made findings of fact and conclusions of law. Essentially, the trial court found that the force used in each incident was necessary and reasonable. The trial court also found that the force was used for the purpose of restoring discipline and not maliciously for the purpose of inflicting injury. See, e.g., Whitley v. Albers, 475 U.S. 312, 320-21 (1986). Judgment was subsequently entered for the defendants.
 
 II.
 
 6
 On appeal, Mr. Olmstead argues that the trial court's findings of fact are clearly erroneous. See Fed. R. Civ. P. 52(a). We have listened to the tapes of the trial, including the testimony of the witnesses, the arguments of the lawyers, and the findings and conclusions of the trial court. We have also examined the exhibits admitted into evidence. The trial court's judgment is not clearly erroneous.
 
 III.
 
 7
 For the reasons stated, we affirm the judgment of the trial court.
 
 
 
 [1]
 The Honorable John A. Jarvey, Chief Magistrate Judge, United States District Court for the Northern District of Iowa, sitting by consent of the parties. See 28 U.S.C. Sec. 636(c)(1)